IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PREFERRED SANDS OF WISCONSIN, LLC,

                             Plaintiff,                         ORDER

    v.

                                                 13-cv-079-wmc

MOMENTIVE SPECIALTY CHEMICALS, INC.,

                             Defendant.

---

In this civil action, plaintiff Preferred Sands of Wisconsin, LLC ("Preferred Sands") has asserted breach of contract claims against defendant Momentive Specialty Chemicals, Inc. ("Momentive"), claiming damages in excess of $1 million dollars. The complaint was originally filed in the Circuit Court for Dane County, Wisconsin, and subsequently removed to federal court by Momentive, citing this court's diversity jurisdiction. 42 U.S.C. § 1332. Unfortunately, the pleadings and notice of removal fail to allege facts sufficient to establish diversity jurisdiction. Given that even Preferred Sands appears to be uncertain about its own jurisdictional citizenship, the court requires competent proof of complete diversity before allowing this case to proceed. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

    Diversity jurisdiction is present when a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 42 U.S.C. § 1332. The pleadings certainly allege an adequate amount in controversy ($1

million+), as well as the citizenship of Momentive (a New Jersey Corporation that maintains its principal place of business in Columbus, Ohio). However, the pleadings do not adequately allege the citizenship of Preferred Sands, a Limited Liability Company that takes on the citizenship of all of its members. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("The citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.") Momentive's notice of removal does not cure this defect either, stating merely that "[t]hough Preferred [Sand]'s complaint does not disclose the identity or citizenship of its members, through investigation Momentive has a good-faith belief based on public corporate documents that none of Preferred's members are citizens of New Jersey or Ohio." (Removal Notice, dkt. #1 at 2.)

This is insufficient for two reasons. First, complete diversity requires more than just the absence of a New Jersey or Ohio citizen on the other side of the caption. If the LLC is comprised of any member that is either a stateless alien or a United States citizen domiciled in no state, complete diversity is destroyed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989). Second, the court is unwilling to expend time and resources on this case when there is a possibility that -- Momentive's good faith belief notwithstanding -- one of Preferred Sands' members may nevertheless turn out to have a diversity-destroying citizenship. The advantages of establishing jurisdiction early on are particularly significant here, where it appears that Preferred Sands is not certain of its own members' citizenship and chose to file in state court for that very reason. (*See* dkt. #1-8.)

2

Momentive will have 45 days from the date of this order to produce competent evidence of Preferred Sands' citizenship. See *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009) (the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present). It will be allowed to conduct narrow discovery on this issue on an expedited basis, and Preferred Sands is expected to cooperate to achieve a speedy resolution of this jurisdictional question. Although it should be a mere formality, Momentive must also supply proof of its own citizenship (the evidence submitted to date establish that it is a Delaware corporation, but not the location of its principal place of business).

## ORDER

IT IS ORDERED that:

1) defendant will have until April 22, 2013, to file an affidavit, declaration under penalty of perjury, or other competent proof showing complete diversity of citizenship between the parties; and

2) failure to timely submit the required proof will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 6th day of March, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge